**In re Thomas LENGYEL, Debtor.**

**Paul D. POOLE, Plaintiff,**

**v.**

**Thomas LENGYEL, Defendant.**

**Bankruptcy No. 381–03908.
Adv. No. 82–0810.**

United States Bankruptcy Court,
D. Oregon.

Dec. 13, 1982.

Paul D. Poole, pro se.

Donald H. Hartvig, Portland, for defendant.

## MEMORANDUM OPINION

HENRY L. HESS, Jr., Bankruptcy Judge.

On October 22, 1982 the plaintiff filed herein his complaint for relief from automatic stay. In response the debtor filed a motion to dismiss. A hearing was held on December 6, 1982. Plaintiff appeared personally and the defendant appeared in person and by his attorney Donald H. Hartvig.

This chapter 13 case was filed on November 11, 1981. At that time there was pending in the Circuit Court of the State of Oregon for Multnomah County a case filed by the plaintiff herein naming Jack C. Barnes as the defendant. The chapter 13 statement filed by the debtor, who is the defendant herein, did not list the plaintiff as a creditor. On April 19, 1982, an order confirming the debtor's plan was entered in this case. On August 2, 1982 an order was entered in the state court action permitting the plaintiff to change the name of the defendant from Jack C. Barnes to Tom Lengyel, the debtor herein. The plaintiff then caused a summons to be served on the debtor herein. The plaintiff on or about August 28, 1982 learned of the pendency of the chapter 13 case by receipt of a letter of that date addressed to him by the attorney for the debtor. The time for filing of proofs of claim in this case expired September 18, 1982. The plaintiff's complaint for relief from the automatic stay was filed on October 22, 1982. No proof of claim has been filed by the plaintiff.

The plaintiff's complaint alleges facts which, if sustained by evidence, might establish grounds for a judgment of the bankruptcy court that such damages as may have been sustained by the plaintiff would represent a debt which would not be dischargeable under 11 U.S.C. § 523(a)(2)(A).

11 U.S.C. § 1327(a) provides that the provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.

The confirmed plan herein provides that unsecured creditors shall be paid 1½%. Any debt owing to the plaintiff would be an unsecured debt. Had the plaintiff filed a proof of claim herein prior to the expiration of the time for filing of claims he could have shared in the payments to be made to unsecured creditors.

11 U.S.C. § 1328 provides for two types of discharges in a chapter 13 case. Subsection (a) provides that after the debtor has made all of the payments provided in the plan, the court shall enter a discharge which will discharge all debts except those debts provided under § 1322(b)(5) [debts upon which the last payment is due after the final payment under the plan. is due] and those debts of the kind specified in § 523(a)(5) [debts for alimony or support of a spouse or child]. Subsection (b) provides for entry of a discharge where the debtor has not completed payments under the plan. This latter type of discharge is often referred to as a hardship discharge. Subsec-

tion (c) provides that a discharge under subsection (b) discharges the debtor of all debts except any debt provided under § 1322(b)(5) or of a kind specified in § 523(a). Thus while a discharge under subsection (a) would discharge a debt of the kind provided for under § 523(a)(2)(A), a discharge under subsection (b) would not.

It would result in a waste of judicial effort and unnecessary expense to the debtor for this court to permit the action in the state court to proceed if, in the future, the debtor completes the payments under his plan and receives a discharge under § 1328(a) since any judgment rendered in the state court action against the debtor would be discharged. As a result the plaintiff's complaint for relief from stay comes too soon. If the debtor fails to complete the payments under his plan and seeks a hardship discharge, the allegations of plaintiff's complaint would then become relevant under § 523(a)(2)(A).

An order will be entered denying relief from the automatic stay provided in 11 U.S.C. § 362 at this time and dismissing the plaintiff's complaint. If the debtor later requests the entry of a discharge under § 1328(b), the plaintiff may renew his request for relief by the filing of a motion herein.